on a set of consolidated matters relating to In Re Clean Air Car Service et al. Case numbers are 24-1742, 24-1738, and 24-1743. We have Mr. Wang and Mr. Hellman. Good morning, Your Honor. Good morning. You have eight minutes total. You've reserved three minutes for rebuttal. We'll hear from you when you're ready. Yeah, thank you, Your Honor. May I please record, my name is Kevin Wang. I'm the attorney for appellant, and also I'm one of the appellant. So this is one of the sad story in my life, unfortunately happened several years ago. So it litigates among the parties. So before I proceed my oral argument, I want to give some explanation about the foundation that in my argument. I'm not sure whether the court pay attention to my opening brief. I have the addendum for the UCC PEB commentary number 22, from the page number 59 to 63. So I attach entirely for the UCC commentary four, this is the PEB explain this exact issue that I want to present today. So I want court pay attention to that addendum. So why is that so important? Because that address the issue, whether or not, after UCC disposition, so the buyer did not act in a good face. So they take free of the UCC data right. That's the entire case, the basis of the case. So UCC, why the bankruptcy sales? Why this good fit purchaser is so important here? Because if, so my argument can be sustained by this court, that means that the bankruptcy is filed without authorization. So what my new basis for the argument? First of all, this addendum entirely address this argument to support my position. The UCC official comment four, it explain clearly, if the UCC buyer or transferee did not act in good face, they have to take the subject to UCC data right. It means that the UCC disposition is not effective. This argument is not by myself creation, it's by the UCC official commentary, explain what does it mean subject to UCC data right. It give very clearly explanations. That's one. Second part is, this UCC commentary is very important because Second Circuit case law. In my opening brief, page 40, Second Circuit position is very clear. UCC commentary are not given binding effect. They do occupy an unusual position as aid to statutory interpretation and should be regarded as an independent part of UCC framework. The Second Circuit case. Excuse me, am I right that what you are talking about now is whether it was appropriate for the state courts to decide that you had lost by forfeiture, by foreclosure, your rights as the managing general partner. Is that what we are talking about? So actually, these cases, my argument is the federal court or the bankruptcy court have no jurisdiction because it was filed and authorized. That goes back to Judge Lynch's question. It was the bankruptcy was filed after the state courts had issued decisions indicating that you no longer had rights in those entities and those entities then amended their operating agreements expressly to allow for the filing of bankruptcy. So Your Honor, so that's the answer to a very critical question. The State Judgment, when you look at the only address fully based on the lender foreclosure under UCC 9-617A, presumably that UCC transferee is a good fee purchaser. So here, in this case, UCC transferee did not act in good faith, therefore, UCC disposition is not effective. So I would have to unwind what those state courts did then in order to solve that problem for you. No, Your Honor. I don't have to. Why? That's the case law that I talk about. Second Circuit case law very clearly. I don't have to argue or dispute with the State Judgment. Why? That's an independent claim. What does it mean, independent claim? This is the UCC buyer or transferee is not good faith. So the State Court judgment at some point is right because the judge in this order clearly held that her judgment is nothing related to operating agreement. We not implemented the internal obligations of the two debtors. So that means that I don't have to ask court to judicial review the State Judgment. So State Judgment, you know, you guys are right or wrong. So they decide under the foreclosure, I lost my right. Correct. Of course, that should be under UCC 9-617A, the one clause. However, there's another clause under UCC 9-617C1. If UCC transferee did not act in good faith, then how to subject my right? Means that regardless the foreclosure, clear or not. So then that how to subject my right means that how to fight with transferee. I don't have lender. Lender is right. You did not pay my money. Foreclosed to you. You know? That is. You know? So I hope the government, so therefore, I have to agree with them because the judge told me, you don't have to argue with me, operating agreement. I don't care the operating agreement. You default foreclosure. Period. That's right. I did not pay the money. You guys are right or wrong. I did not pay the money timely. Default. Default foreclosed to you. So, therefore, you don't make right. So, however, second circuit is in 2005, clearly rule. Okay. You denied the conclusion of the three judgment. Fine. If you have independent claim. Right. I think we understand your argument on that point. You're over time now. You have reserved three minutes for rebuttal. You can use that now or you can come back on rebuttal after Mr. Hellman. Yeah. Okay. Answer the question. Do you want to use your rebuttal time now or do you want to come back after Mr. Hellman speaks? Okay. I will use my rebuttal. All right. Great. We'll add another three minutes to your time now then. Okay. Thank you, Your Honor. Okay. We'll save the three minutes. Do you want to save the three minutes for later? Yeah.  After my rebuttal. We'll hear from Mr. Hellman. All right. Thank you. Mr. Hellman, you have eight minutes. Good morning, Your Honor. May it please the Court, Jay Hellman for the Clean Air II and Au Pair Plaza debtors. May I say it's a privilege to be here before the panel. Your Honor, there's three overarching reasons that police believe that these cases are easily dismissible. The first is that under prevailing Second Circuit precedent, these cases are equitably moot. The properties that were the debtors' assets were sold long ago in auction sales that were conducted in an arm's-length transaction. They were marketed by CBRE, a nationally known broker. They were sold pursuant to bankruptcy orders. They netted approximately a total of $7 million. Now, I understand your equitable mootness argument and the fact that the properties have been sold and now the process is over. Can you address the statutory mootness? Your position is it's also statutorily mootness. Sure. It's sort of more clear-cut. Correct. As Judge Block properly found, as I said, the properties were sold to good-faith purchasers after auction. The properties were marketed to approximately 5,000 potential buyers. The auction was held after 10 rounds of bidding with respect to Clean Air II. It was sold to a buyer for $4.5 million. After 15 rounds of bidding, the property for AuPair was sold for $2.5 million. There's no question that under prevailing law, the best question or the best test of value is what a willing buyer is willing to pay. In terms of some of the underlying issues in Clean Air II state action, that was affirmed by the second department and then cert was denied. It's pretty much over as far as that action is concerned. Correct. We agreed to limited relief from state to allow the appellants to continue their challenge to the issues that they raised and they continue to raise with respect to the management rights and what we colloquially call the management rights and operating agreement challenges, which they lost in the state court, which they lost at the appellate division, which now the New York State Court of Appeals has denied. And so that's done with. And the Queens County action, the first one that was filed, is there anything pending still? I think that's still pending. So there's still challenges there. But as Judge Block just found, just to touch on what counsel was saying with respect to his arguments on the UCC piece, Judge Block just issued a decision a few days ago that said he's colloquially stopped from making those arguments and race judicata prevents him from making those arguments, which he's appealed now too. But with respect to the rest of the questions on the mootness issue, with respect to statutorily moot, Judge Block found that the only issue was whether the buyers were good faith buyers. And after conducting the analysis, the bankruptcy court found that they were good faith buyers. There was testimony given at the auction. There was no collusion found with respect to those buyers. Again, arms length transactions, there was no collusion or attempts to in any way affect the bidding price. So there was no issue there with respect to their good faith. The buyers submitted affidavits to the bankruptcy court regarding their good faith. So there's no issue there. So again, the auction sales were conducted. There was no stay in effect with respect to those sales. So the only issue was with respect to whether those buyers were good faith buyers. And on the eviction order, again, there are two of those slightly different faces for mootness. One sort of traditional mootness in the sense that the landlord is no longer the landlord. The property's been sold, the tenant's been evicted, and the other is the equitable mootness again? Correct. So with respect to the eviction order, we had to have Clean Air 3 evicted because even though there was an understanding stated during the proceedings in the bankruptcy court from the appellants that Clean Air 3, one of the appellants here, would vacate the premises, they did not. We had to have the assistance of the U.S. Marshal through motion practice with respect to the bankruptcy court having to enforce its own order. With respect to the sales order where the debtor had to have or deliver the property vacant, we had to have the assistance of the U.S. Marshal to vacate that property, which we did. So therefore, now that the property was vacant, there is no relief that could be afforded under Second Circuit law. And it's been sold. It's been sold. The property's now vacant. So under the law, there is no relief that could be afforded to the appellants any longer. So as Judge Block appropriately found, that appeal was moot. And the reorganization plan has been accepted and finalized Correct. Which circles me back to the first point, which was it's equitably moot because whatever colloquial term we use, the horse is out of the barn, the toothpaste is out of the tube. The plans of liquidation have been substantially consummated. Funds have been distributed. The property has been sold. Funds have been distributed to secured claimants, lien claimants, administrative claimants. And just to be clear, as far as the eviction, the challenge to the eviction and the injunction to provide the records of the business, all that was appealed through the State process all the way to the New York Court of Appeals that denied cert on November 26, 2024. Is that correct? Correct. With respect to the records piece, just to be clear, Judge, even though the Bankruptcy Court had ordered that with respect to the eviction here, we no longer are claiming or pursuing that? No, I'm just trying to understand that all the challenges to that conduct, to that action, have been appealed through the State system and affirmed by the Second Division. The challenges that have gone through the State have been with respect to whether Mr. Wong still has any management rights or has any rights under the operating agreements or has any ownership in the entities any longer, which the State courts have found he doesn't. And there have been disputes with respect to whether he had to turn over the books and records of the company and the State courts have found that he can no longer interfere with the operation of the company and he had to turn over the books and records of the company. Whether he has or he hasn't, I think there's still disputes there and there have been... But that's not my question. My question is, to the extent those disputes were litigated in the State court system, there have been appeals and they've been resolved. That's a simple question. Just a simple question. Correct. Except that I do know that there's an action that we're not handling on the debtor's side that's still pending in Queen's action that involves the lender that's different than the debtor's and I don't know what's happening with that Queen's action too. Queen's action one, I'm sorry. But that's still floating around in the State court. Thank you, counsel. Thank you. All right, Mr. Wong, you have reserved three minutes for rebuttal. Thank you, Your Honor. So, Your Honor, I think that from the lower court until today, from my observations, that's one of the key issues that confused maybe Your Honor's overview. So what these three court judgments have been ruled is solely based on the lender foreclosure. Nothing related to the debtor or treachery disputes with me or the patent related to whether or not he or it is a good fit purchaser. This issue never ruled. And from the record, I send emails to the appellate counsel five times or ten times whenever asking when and where the good fit purchaser issues or claims have been adjudicated. No, never. So today, Your Honors, if you rule this based on the three court judgments you lost everything. That's not true. Three courts, from my opening brief, the page 21, the same judge in the same court of three courts on August 20, 2021, clearly ruled by her own admission and self-interpretation the claim resulted in this action does not arise out of and are not related to operating agreement anyway. The plaintiff's claim has nothing to do with the operating agreement and does not implement the LLC internal affairs. So, and rather the defendant's obligation to turn over the property is based on outcome foreclosure. So the foreclosure is based on the lender's foreclosure. I said, he's right, under the UCC 9678 I lost everything. So the idea is that even though you may not have any interest in the company the theory is neither does the buyer and so the buyer was unable to modify the operating agreement to authorize them to bring the bankruptcy. Oh, yes, Your Honor. There are two different issues. Your Honor, please, please consider my argument. This will be from the bankruptcy court under the 17th case law it's very clear. It's not because the three courts have a judgment and then deprive the district court of jurisdiction. It's not. So 17th case law from the page 34 of my opening brief deduction of Rupert Federman very clearly from Second Circuit in 2005 in Hope Block versus Albany County. Second Circuit hold so 28 UIC 1757 does not deprive a district court of subject matter simply because a party attempt to litigate in federal court a matter previously litigated in the city court. So that's the case. So therefore they always talk about three judgments judgment solely based on lender. So I have a court action under UCC 9617C1 the different court action. The new court haven't adjudicated yet. If this court affirms this case it means that the lender can play this same game again and again. Then thousands of cases with through bankruptcy $100,000 to buy the $80 million property and then from bankruptcy and then so then they say oh this new court of course this court is right. If you foreclose based on your default lender is right. So however the commentary Mr. Wang your time is up so if you want to wrap up your point we're over time so if you want to wrap up your final point Yeah, yeah. Thank you, Your Honor. I really appreciate this court as highest court in this region to follow UCC commentary. They clearly interpret these issues. It's not I created by myself. If this court seeks for justice then thousands of victims from the foreclosure can be  by justice. I really appreciate it. Thank you. Not only for me for the hundreds of people who had to foreclose. Thank you. Thank you, Your Honor. Thank you, Mr. Helman. Thank you, Your Honor. That case is submitted and will reserve decision.